GEORGE E. EVANS *vs.* THOMAS J. DUNBAR.

Suffolk.  March 19. — May 12, 1875.  AMES & ENDICOTT, JJ., absent.

The owner of a horse which is delivered uninjured to a common carrier for transportation, and is injured while in the carrier's possession, may maintain an action against the carrier for such injury, notwithstanding he has not given notice to the carrier of the injury or offered the horse to him to be cared for.

TORT against a common carrier for the loss of a horse. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

The horse was, on July 17, 1873, put on the defendant's steamer Stamford, (which ran between Boston and Gloucester, carrying freight and passengers,) between five and six o'clock in the morning, the steamer starting about ten o'clock, arriving at Gloucester about noon. On the arrival of the steamer the horse was led off by one of the crew and delivered to the plaintiff, harnessed into a phaeton and driven away by the plaintiff. The plaintiff testified that for the first time he discovered on the arrival that the horse was injured on the inside fore leg a little below the knee ; that he left the horse in charge of a friend who continued to take charge of him till July 21, 1873, when he gave him into the hands of one Porter, a horse-shoer, who had treated horses more or less for several years. Porter continued in charge of the horse till he died. There was no evidence showing how the horse was injured ; but it appeared that the horse

was not injured when put on the steamer, and that he was put into the room used for the purpose and hitched. The horse was frequently seen by one or more of the crew during the trip, and nothing was seen showing how the horse could be injured. No one observed that the horse was injured till he came to be taken off the steamer. No one on the steamer, except the mate, knew that the horse was hurt. No notice was given to the defendant that the horse was injured, nor did the defendant ever hear or learn that he was injured till several days after his death, when he was informed for the first time by the plaintiff that the horse was dead, and no offer was ever made of the horse to the defendant to be cared for by him.

The defendant requested the judge to rule that the plaintiff having received the horse, and the horse having died on his hands without notice to the defendant of the injury and without an offer of the horse to the defendant to be cared for by him, the defendant was thereby relieved from his liability, and that the plaintiff could not maintain the action. The judge refused so to rule, and the defendant alleged exceptions.

Full instructions were given, not excepted to, as to the general rule of law touching the liability of carriers of animals, and as to all parts of the case not relating to the ground of defence embraced in the defendant's request as aforesaid.

*C. S. Lincoln*, for the defendant.

*N. B. Bryant*, for the plaintiff, submitted the case without argument.

COLT, J. Upon the facts here stated, there is no rule of law which required the plaintiff, as a condition to his right of recovery, to give notice to the defendant of the injury received by his horse while in charge of the defendant as a common carrier ; or to offer the horse to the defendant, after the injury, to be treated and cared for by him.

Full instructions were given at the trial, not excepted to, as to the general rules of law which govern the liability of common carriers of animals, and as to all other parts of the case ; and it must be presumed that the jury were permitted to give due consideration to the conduct of the plaintiff in taking the horse without notifying the defendant of his injury and attempting his cure without consulting him, or making any claim until after the horse died. *Exceptions overruled.*